UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DARYL C. JANES,                 )
            Plaintiff,          )
                                )
        v.                      )    C.A. No. 05-11646-JLT
                                )
THIRD DISTRICT COURT,           )
            Defendant.          )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's Application to

Proceed Without Prepayment of Fees is DENIED, the complaint is

DISMISSED and plaintiff is ENJOINED from filing further actions

in this Court absent leave of Court.

BACKGROUND

On August 4, 2005, plaintiff Daryl C. Janes, a frequent

litigant in this Court,[1] filed an Application to Proceed Without

---

[1]The Court notes that plaintiff previously filed nineteen (19)
complaints since 1997.  Court records show that most, if not all, of
plaintiff's complaints have been dismissed pursuant to 28 U.S.C. § 1915 for
failing to state a claim, for lack of jurisdiction, on judicial immunity
grounds, or for otherwise lacking legal or factual merit:
    Janes v. Boston Federal District Court, C.A. No. 05-11647-MLW (fee-
waiver application and complaint filed Aug. 4, 2005);

    Janes v. Commonwealth of Massachusetts, C.A. No. 05-11314-RCL (pending;
plaintiff paid $250 filing fee on Jun. 23, 2005);

    Janes v. Judge Maria Lopez, C.A. No. 02-12282-WGY (plaintiff directed to
show good cause why he should not be enjoined from filing future actions in
this Court without prior leave of court);

    Janes v. Bob Slate Stationary Store, C.A. No. 02-11211-MEL (dismissed
pursuant to Section 1915(e) for lack of subject matter jurisdiction);

    Janes v. Cambridge Sav. Bank, C.A. No. 01-10242-WGY (dismissed pursuant
to Section 1915(e) for lack of subject matter jurisdiction);

    Janes v. Eliot Square Assocs., C.A. No. 01-10367-WGY (dismissed pursuant
to Section 1915(e) for failure to state a claim);

    Janes v. Judge Hiller Zobel, C.A. No. 01-10389-WGY (dismissed pursuant
to Section 1915(e) for failure to state a claim and on grounds of judicial
immunity);

Prepayment of Fees and Affidavit.  Also on that date, plaintiff

filed his self-prepared civil complaint against the Third

District Court.  In his two-page, handwritten complaint,

plaintiff alleges he filed three assault cases with the Third

District Court in Cambridge.  He complains that he has not

received a hearing and seeks a federal investigation and reform

of the state court.

DISCUSSION

I.    The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1)

---

Janes v. Judge Sosman, C.A. No. 00-11252-WGY (dismissed pursuant to Section 1915(e) for lack of jurisdiction and judicial immunity grounds);

Janes v. Superior Court, C.A. No. 99-12482-WGY (dismissed);

Janes v. Bellusci, C.A. No. 99-12046-WGY (dismissed);

Janes v. Superior Court, C.A. No. 99-12482-WGY (dismissed);

Janes v. Superior Court of the Commonwealth of Massachusetts, C.A. No. 98-10238-WGY (dismissed pursuant to Section 1915(e) for failure to state a claim);

Janes v. Superior Court of the Commonwealth of Massachusetts, C.A. No. 98-10239-WGY (dismissed pursuant to Section 1915(e) for failure to state a claim);

Janes v. Apfel, C.A. No. 98-12549-REK (dismissed for lack of jurisdiction) and related case Janes v. U.S. Fed. Gov't, C.A. No. 99-11219-REK (same);

Janes v. Clinton, C.A. No. 97-10038-WGY (dismissed pursuant to Section 1915(e));

Janes v. Eliot Square Assocs., C.A. No. 97-12459-WGY (dismissed pursuant to Section 1915(e));

Janes v. Cambridge Sav. Bank, C.A. No. 97-12785-WGY (dismissed pursuant to Section 1915(e)); and

Janes v. Social Sec. Admin., C.A. No. 97-10300-REK (dismissed pursuant to Section 1915(e) for failure to exhaust administrative remedies).

2

pay the $250 filing fee for civil actions or (2) seek to be
granted in forma pauperis by filing an application to proceed
without prepayment of the filing fee.  See 28 U.S.C. § 1914
(filing fee for civil actions); Fee Schedule for the District of
Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).

Plaintiff's application indicates that his sources of income
are (1) a veteran's pension in the amount of $646 per month; (2)
an inheritance of $200 per month; and (3) money from his brother
"as he sees fit to supplement [plaintiff's] income." See
Application, ¶ 3.  However, he indicates that he has $1,426 in a
checking account.  On this record, the court finds that plaintiff
has sufficient funds to pay the $250 filing fee for the instant
action.  Accordingly, the Application to Proceed Without
Prepayment of Fees is denied.

II. The Complaint is Subject to Dismissal

A district court may sua sponte dismiss a complaint if
amendment would be futile or if it is patently obvious that the
plaintiff can not prevail.  See Rodriguez v. Casa Salsa
Restaurant, 260 F. Supp. 2d 413, 414 (D. P.R. 2003); accord Chute
v. Walker, 281 F.3d 314, 318 (1st Cir. 2002) (if it is crystal
clear that the plaintiff cannot prevail and that amending the
complaint would be futile, then a sua sponte dismissal may
stand); Wyatt v. City of Boston, 35 F.3d 13, 15 n. 1 (1st Cir.
1994) (same).  Here, plaintiff's complaint is clearly

insufficient under either standard.

To the extent plaintiff seeks to have this court review the decision of the state court to deny plaintiff's request for a hearing, such a claim is barred by the <u>Rooker-Feldman</u>[2] doctrine or <u>Younger</u> abstention.[3]  Moreover, to the extent plaintiff may seek to assert a civil rights claim against a state court, the Massachusetts Trial Court was created pursuant to Massachusetts General Laws Chapters 211B (Trial Court of the Commonwealth) and it is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Thus, plaintiff's complaint is subject to dismissal.

### III. Plaintiff Has Abused The Processes of the Court and Will Be Enjoined

Between 1997 and 2003, plaintiff has filed seventeen actions, all of which have been dismissed primarily on one or more of the following grounds: failure to state a cognizable claim resulting in dismissal pursuant to 28 U.S.C. § 1915(e), lack of subject matter jurisdiction, failure to exhaust

---

[2]The <u>Rooker-Feldman</u> doctrine is a distillation of two Supreme Court decisions:  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  <u>See</u> <u>Hill</u>, 193 F.3d at n. 1 (describing history of doctrine).

[3]The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971); <u>In re Justices of the Superior Court</u>, 218 F.3d 11, 16 (1st Cir. 2000).

administrative remedies, and judicial immunity.

By Order dated May 14, 2003, plaintiff was advised that he will be enjoined against filing future litigation in this Court without prior leave.  See 5/14/03 Memorandum and Order, Janes v. Judge Maria Lopez, C.A. No. 02-12282-WGY.  Although plaintiff was ordered at that time to show good cause why he should not be enjoined, the docket indicates that he failed to file a reply to the Court's May 14th Order.

Since that time, plaintiff filed the instant action as well as the following two actions: Janes v. Boston Federal District Court, C.A. No. 05-11647-MLW (fee-waiver application and complaint filed Aug. 4, 2005) and Janes v. Commonwealth of Massachusetts, C.A. No. 05-11314-RCL (pending; plaintiff paid $250 filing fee on Jun. 23, 2005).

Plaintiff has ignored the Court's previous warning about frivolous filings and has continued to file groundless litigation.  Plaintiff's disregard for the Court's prior admonitions further contribute to the existence of an "extreme" circumstance involving "groundless encroachment upon the limited time and resources" of this Court.  See Castro v. United States, 775 F.2d 399, 408-409 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and

vexatious lawsuits may be appropriate."); accord Gordon v. United

States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per

curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir.

1980) (same).  See also Sires v. Gabriel, 748 F.2d 49 (1st Cir.

1984); Rudnicki v. McCormack, 210 F. Supp. 905, 908-912 (D.R.I.

and D. Mass. 1962), appeal dismissed sub nom, Rudnicki v. Cox,

372 U.S. 226 (1963).

ORDER

   Based upon the foregoing, it is hereby ORDERED:

   1.   That plaintiff's application to proceed without
        prepayment of fees (Docket No. 1) is DENIED.

   2.   That plaintiff's complaint is DISMISSED without further
        notice.

   3.   That plaintiff Daryl C. Janes be precluded from filing
        any new complaints or any other documents in the United
        States District Court for the District of
        Massachusetts, in any manner, way or form, without
        first obtaining the prior written approval of the
        Miscellaneous Business Docket Judge of the United
        States District Court for the District of
        Massachusetts.[4]

   4.   That if plaintiff Daryl C. Janes undertakes to file any
        new cases in this Court, he shall file a written
        petition seeking leave of court to do so.  The petition
        must contain a copy of this Memorandum and Order,
        together with the papers sought to be filed, and a
        certification under oath that there is a good faith
        basis for their filing.  The Clerk of Court shall
        accept the documents, mark them received, and forward
        them to the Miscellaneous Business Docket Judge for
        action on the petition.

---

   [4] This order does not prevent plaintiff from making filings
in any other case which he now has pending before this Court.

5.    That a copy of this Memorandum and Order shall be
        distributed to each District Judge's session.

6.    That petitioner Daryl C. Janes is advised that failure
        to comply with these requirements may result in the
        imposition of additional sanctions, including monetary
        fines.

SO ORDERED.


October 26, 2005                    /s/ Joseph L. Tauro
DATE                                JOSEPH L. TAURO
                                    UNITED STATES DISTRICT JUDGE